HIGLEY and another *against* BUNCE and others.

IN the report of this case, *ante* 436 to 444. it is erroneously stated, that the other Judges (except Judge *Church*) concurred in the opinion delivered by Judge *Huntington.* Ch. J. WILLIAMS dissented on one point, for the following reasons.

WILLIAMS, Ch. J. In this case, I concur entirely with my brethren, in every point, except that regarding the want of publication of the by-law in question.

The old law upon this subject provided, that such by-laws should not be in force until published four weeks successively, in a newspaper printed in such town, or in the town nearest to such town in which a newspaper is printed ; thus providing a general and certain rule. At the revision of the Statutes in 1821, this provision is copied, and an addition made in these words : " Or in some other newspaper generally circulated in the town where such by-law is made, as the town shall direct." The question, then, is, was this additional enactment intended to operate upon or modify the former, in all cases, or only in those cases where the town chose to act ?

My opinion is, that it was intended to modify the then existing law only, by giving the towns a right to vary the place of publication, if they saw fit. Here was a certain rule, and one well known, in all cases, where the towns did not act, so that the by-law should not fail for want of such action, and, at the same time, leaving it optional for the town to act whenever this mode of publication was not entirely satisfactory. The confirming act passed at the revision, provides, that such of the revised laws as remain as before, shall be considered as having been continued in force from the time they were enacted, any

*Litchfield,*
June, 1835.

Higley
*v.*
Bunce.

circumstantial amendment or variation in phraseology or con-nexion, notwithstanding.    *Stat.* 485.    This section does re-main precisely as before, with the variation arising from the connexion and arrangement of the last clause, which is entire-ly new.    It seems to me, that the former provision must be intended to remain in force, not varied by this connexion and arrangement, any more than if it had been in a distinct act. Now, if this addition, instead of being appended to this section first at the revision in 1821, had been added from a former separate act, that towns might direct their by-laws to be pub-lished in any paper generally circulated in their town, it could not be doubted, I think, that the former provision would remain in force; and I can see no essential difference arising from the fact that it was then first added.

Considering, then, the former and more ancient part of this section in force, its construction ought not to be altered or its effect impaired, by the new connexion in which it is placed, unless that was evidently intended.    So far from such an intent being apparent, it seems to me, the object was, not to disturb or vary the former law, only to authorize towns to do it.    There was a certain rule, and one well known, in all cases, where the town did not choose to act, or omitted to act, so that the by-law would not fail for want of such action, and at the same time, the towns were left to act, when the existing provision was not entirely satisfactory.

Again, if the new provision was designed to alter or modify the former, as is claimed, the leaving that provision in the sta-tute was entirely superfluous and unnecessary; because under the general provision, that the publication should be in a paper generally circulated in such town, as the town should direct, they might as well direct it published in a paper in the town, or nearest the town, as in any other.

When we consider how much brevity was studied in this compilation, sometimes even at the expense of perspicuity, can we believe, that the former part of this section would have been suffered to remain, only to cast doubt upon a provision, which, without it, would have been more concise and free from all am-biguity?    It would then read, that the by-law should not be in force, until published in some newspaper generally circulated in the town where such by-law is made, as the town shall direct.

These reasons have led me, reluctantly, to dissent from my brethren.